| | | | | | |
|---|---|---|---|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF COLORADO** | | | | | |
| Debtor 1: | MATTHEW | RAY | WHETTEN | Case #: | 25-10313 JGR |
| | First Name | Middle Name | Last Name | | |
| Debtor 2: | | | | Chapter: | 13 |
| | First Name | Middle Name | Last Name | | |

## Local Bankruptcy Form 3015-1.1
## Amended Chapter 13 Plan
## Including Valuation of Collateral and Classification of Claims

Complete applicable sections. This chapter 13 plan dated 05-29-2025 supersedes all previously filed plans.

### Part 1  Notices

**1.1.**  **To Creditors: THIS PLAN MAY MODIFY YOUR RIGHTS.** If you oppose any provision of the plan you must file a written objection with the Court by the deadline fixed by the Court. (Applicable deadlines given by separate notice.) If you do not file a timely objection, you will be deemed to have accepted the terms of the plan, which may be confirmed without further notice or hearing. Creditors must file timely proofs of claim in order to receive the applicable payments.

**1.2.**  **Nonstandard Provisions**
☐ This plan contains nonstandard provisions set out in Part 12 of the plan

**1.3.**  **Motions for Valuation of Collateral and Determination of Secured Status under 11 U.S.C. § 506**

☐ This plan contains a motion for valuation of *personal property* collateral and determination of secured status under 11 U.S.C. § 506. Additional details are provided in Part 7.4 of this plan.

☐ 
The debtor is requesting a valuation of *real property* collateral and determination of secured status under 11 U.S.C. § 506 by separate motion. Additional details are provided in Parts 7.3 and/or Part 7.4 of this plan. Status of motion:
_____
**[list status of motion here (*i.e.* date filed, date granted, to be filed contemporaneously, etc.)]**

**1.4.**  **Motions for Lien Avoidance 11 U.S.C. § 522(f)**

☐ The debtor is requesting avoidance of a judicial lien or nonpossessory, non-purchase-money security interest under 11 U.S.C. § 522(f) by separate motion. Additional details are provided in Part 10.4 of this plan. Status of motion:
_____
**[list status of motion here (*i.e.*, date filed, date granted, to be filed contemporaneously, etc.)]**

### Part 2  Background Information

**2.1**  **Prior bankruptcies pending within one year of the petition date for this case:**

| Case number and chapter | Discharge or dismissal/conversion | Date |
|---|---|---|
| | | |

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |

**2.2   Discharge: The debtor:**

    X    is eligible for a discharge

    OR

    ☐    is not eligible for a discharge and is not seeking a discharge.

**2.3   Domicile & Exemptions:**

Prior states of domicile:

within 730 days:   **[list states]**

within 910 days:   **[list states]**

The debtor is claiming exemptions available in the X state of Colorado or ☐ federal exemptions.

**2.4   Domestic Support:** The debtor owes or anticipates owing a Domestic Support Obligation as defined in 11 U.S.C. § 101(14A). Notice shall be provided to these parties in interest:

A.   Spouse/Parent: Danielle Whetten

B.   Government:
_____
**[identify]**

C.   Assignee or other:
_____
**[identify]**

D.   The debtor X has provided the trustee with the address and phone number of the Domestic Support Obligation recipient, or ☐ cannot provide the address or phone number because it/they is/are not available.

**2.5   Median Income:** The current monthly income of the debtor, as reported on Official form 122C-1 or 122C-2, as applicable, is ☐ below, ☐ equal to, or x above the applicable median income.

# Part 3   Plan Analysis

**3.1   Total Debt Provided for under the Plan and Administrative Expenses**

    A.  Total Priority Claims (Class One)
          1. Unpaid attorney's fees                                         $5,397
            (Total attorney's fees are estimated to be $15,000 of which $9,603 has been prepaid)
          2. Unpaid attorney's costs (*estimated*)                            $200
          3. Total taxes
             (Federal $80,975; State $_____ ; Other $_____ )          $80,975
          4. Other priority claims                                               $0
    B.  Total payments to cure defaults (Class Two)                     $127,290
    C.  Total payments on secured claims (Class Three)                  $73,000

|   |   |   |   |
|---|---|---|---|
|   | D. | Total payments on unsecured claims (Class Four) | $9,418 |
|   | E. | Sub-Total | $296,280 |
|   | F. | Total trustee's compensation (10%) of debtor's payments) | $32,920 |
|   | G. | Total debt and administrative expenses | $329,200 |

**3.2 Reconciliation with Chapter 7**

A. *The net property values set forth below are liquidation values rather than replacement values. The replacement values may appear in Class Three of the plan.*
B. Assets available to Class Four unsecured creditors if Chapter 7 filed:
   1. Value of debtor's interest in non-exempt property          $17,900

| Property | Value | Less costs of sale | Less liens | X Debtor's interest | Less exemptions | = Net value |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

   2. Plus: value of property recoverable under avoiding powers          $0
   3. Less: estimated Chapter 7 administrative expenses          $0
   4. Less: amounts payable to priority creditors          $80,975
   5. Equals: estimated amount payable to Class Four creditors if Chapter 7 filed (if negative, enter zero)          $0
C. Estimated payment to Class Four unsecured creditors under the Chapter 13 Plan plus any funds recovered from "other property" described in Part 4.1.D below          $9,418

**Part 4   Properties and Future Earnings Subject to the Supervision and Control of the Trustee**

**4.1  Future Earnings:** The debtor submits to the supervision and control of the trustee all or such portion of the debtor's future earnings or other future income as is necessary for the execution of the Plan, including:
A. Future earnings which shall be paid to the trustee for a period of approximately **60** months, beginning **02/20/2025**  as follows:
B.

| Number of payments | Amount of payments | Total |
|---|---|---|
| 1-2 | $3,600 | $7,200 |
| 3-30 | $4,000 | $112,00 |
| 31-60 | $7,000 | $210,000 |
|  | Total of monthly payments | $329,200 |

C. Amounts for the payment of Class Five post-petition claims included in above: $_____ **[amount]**
D. Other property: _____
   **[specify]**.

**4.2  Payments:** The debtor agrees to make payments under the Plan as follows:
☐   Voluntary wage assignment to employer: Paid in the following manner: $_____ **[amount]** to be deducted _____ **[time period, *e.g.,* weekly, monthly, per pay period, etc.]**. Employer's name, address, telephone number: _____ **[name, address, telephone number]**.

OR

X   Direct payment from debtor to trustee.

**Part 5   Class One - Claims Entitled to Priority Under 11 U.S.C. § 507**

**Unless other provision is made in paragraph 10.3, each creditor in Class One shall be paid in full in deferred cash payments prior to the commencement of distributions to any other class (except that the payments to the trustee shall be made by deduction from each payment made by the debtor to the trustee) as follows:**

| | | |
|---|---|---|
| 5.1 | **Allowed administrative expenses:** | |
| | A. Trustee's compensation (10% of amounts paid by debtor under this Plan) | $32,920 |
| | B. Attorney's Fees (estimated and subject to allowance) | $5,397 |
| | C. Attorney's Costs (estimated and subject to allowance) | $200 |

5.2 **Other priority claims to be paid in the order of distribution provided by 11 U.S.C. § 507 [if none, indicate]:**
   A. Domestic Support Obligations: **A proof of claim must be timely filed in order for the trustee to distribute amounts provided by the plan**.
      1. Priority support arrearage: The debtor owes past due support to [name] in the total amount of $_____ **[amount]** that will be paid as follows:
         ☐ Distributed by the trustee pursuant to the terms of the Plan; or
         ☐ The debtor is making monthly payments via a wage order ☐ or directly ☐ (reflected on Schedule I or J) in the amount of $_____ **[amount]** to _____. Of that monthly amount, $_____ **[amount]** is for current support payments and $_____ **[amount]** is to pay the arrearage.
      2. Other: For the duration of the plan, during the anniversary month of confirmation, the debtor shall file with the Court and submit to the trustee an update of the required information regarding Domestic Support Obligations and the status of required payments.
   B. Taxes
      1. Federal taxes         $80,975
      2. State taxes           $
      3. Other taxes
         _____  $
         **[describe]**
   C. Other Priority Claims
      _____  $
      **[describe]**

## Part 6   Class Two – Defaults

6.1 **Modification of Rights:** If debtor is proposing to modify the rights of creditors in Class Two, debtor must specifically serve such creditor in the manner specified in Fed. R. Bankr. P. 9014 and 7004.

6.2 **Class Two A [if none, indicate]:** Claims set forth below are secured only by an interest in real property that is the debtor's principal residence located at 2423 Castle Butte Dr Castle Rock, CO 80109. Defaults shall be cured and regular payments shall be made:

| Creditor | Total default amount to be cured[1] | Interest rate | Total amount to cure arrearage | No. of months to cure | Regular monthly payment to be made directly to creditor | Date of first payment |
|---|---|---|---|---|---|---|
| PHH Mortgage | $46,188 | | $46,188 | | $6,300 | 02-01-2025 |
| First Citizens Bank* | $81,102 | | $81,102 | | $1,315.36 | 02-01-2025 |

*Creditor's claim shall be paid in full by the maturity date of August 15, 2027.

6.3 **Class Two B [if none, indicate]:** Pursuant to 11 U.S.C. § 1322(b)(5), secured (other than claims secured only by an interest in real property that is the debtor's principal residence) or unsecured claims set forth below on which the last payment is due after the date on which the final payment under the Plan is due. Defaults shall be cured and regular payments shall be made:

---

[1] The lesser of this amount or the amount specified in the Proof of Claim.
L.B.F. 3015-1.1 (12/18)                                                                                                   Page 4

X None

OR

| Creditor | Description of collateral | Total default amount to be Cured[2] | Interest rate | Total amount to cure arrearage | No. of months to cure | Regular monthly payment to be made directly to creditor | Date of first payment |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

**6.4** **Class Two C [if none, indicate]:** Executory contracts and unexpired leases are rejected, except the following, which are assumed:

X None

OR

| Other party to lease or contract | Property, if any, subject to the contract or lease | Total amount to cure, if any | No. of months to cure | Regular monthly payment to be made directly to creditor | Date of first payment |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

A. In the event that debtor rejects the lease or contract, creditor shall file a proof of claim or amended proof of claim reflecting the rejection of the lease or contract within 30 days of the entry of the order confirming this plan, failing which the claim may be barred.

## Part 7  Class Three – All Other Allowed Secured Claims

**Claims shall be divided into separate classes to which 11 U.S.C. § 506 shall or shall not apply as follows:**

**7.1** **Modification of Rights:** If debtor is proposing to modify the rights of creditors in Class Three, debtor must specifically serve such creditor in the manner specified in Fed. R. Bankr. P. 9014 and 7004.

**7.2** **Adequate Protection:** If adequate protection payments are indicated, such payments will be made by the trustee to the creditors indicated above until such time that superior class creditors are paid in full. Any adequate protection payments made will be subtracted from the total amount payable. Unless otherwise provided, adequate protection payments will accrue from the date of filing but will not be made until the creditor has filed a timely proof of claim.

**7.3** **Secured claims subject to 11 U.S.C. § 506 (Real Property):** In accordance with Fed. R. Bankr. P. 3012 and 7004 and L.B.R. 3012-1, the debtor has filed and served a separate motion for valuation of collateral and determination of secured status under 11 U.S.C. § 506 as to the real property and claims listed in Part 1.3 of this plan and below. The plan is subject to the court's order on the debtor's motion. If the court grants the debtor's motion, the creditor will have an unsecured claim in the amount of the debt as stated in any timely filed, allowed proof of claim, including such claims filed within thirty days from entry of an order determining secured status under Fed. R. Bankr. P. 3002(c)(1) and (3). The creditors listed in Part 1.3 and below shall retain the liens securing their claims until discharge under 11 U.S.C. § 1328, or, if the debtor is not eligible for a discharge, upon the debtor's successful completion of all plan payments and the closing of the case.

---

[2] The lesser of this amount or the amount specified in the Proof of Claim.

X None

OR

| Name of creditor | Description of collateral (pursuant to L.B.R. 3012-1) | Proof of claim amount, if any |
|---|---|---|
|  |  |  |
|  |  |  |

**7.4**  **Secured claims subject to 11 U.S.C. § 506 [if none, indicate]:** The debtor moves the court, through this chapter 13 plan, for a valuation of collateral and determination of secured status under 11 U.S.C. § 506 regarding the property and claims below.  The creditors shall retain the liens securing their claims *until discharge under 11 U.S.C. § 1328 or payment in full under nonbankruptcy law.*

X None

OR

A.  The following creditors shall be paid the value of their interest in collateral.  Any remaining portion of the allowed claim shall be treated as a general unsecured claim.

| Creditor | Description of collateral | Confirmation value of collateral | Amount of debt as scheduled | Interest rate | Adequate protection payment | Total amount payable |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

B.  The following creditors shall be paid the remaining balance payable on the debt over the period required to pay the sum in full.

| Creditor | Description of collateral | Confirmation value of collateral | Amount of debt as scheduled | Interest rate | Adequate protection payment | Total amount payable |
|---|---|---|---|---|---|---|
| Wells Fargo Auto | 2023 Chevy Silverado | $65,000 | $63,000 | 6% | $600 | $73,000 |
|  |  |  |  |  |  |  |

**7.5**  **Secured claims to which 11 U.S.C. § 506 shall not apply (personal property) [if none, indicate]:**  The following creditors shall retain the liens securing their claims, and they shall be paid the amount specified which represents the remaining balance payable on the debt over the period required to pay the sum in full:

X None

OR

| Creditor | Description of collateral | Amount of debt as scheduled | Interest rate | Adequate protection payment | Total amount payable |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**7.6**  **Property being surrendered [if none, indicate]:**  The debtor surrenders the following property securing an allowed secured claim to the holder of such claim:

X None

OR

| Creditor | Property | Anticipated fate of surrender |
|---|---|---|
| | | |
| | | |

7.7  **Relief from Stay:** Relief from the automatic stay and co-debtor stay to permit enforcement of the liens encumbering surrendered property shall be deemed granted by the Court at the time of confirmation of this Plan pursuant to 11 U.S.C. §§ 362(a) and 1301(a) and Fed. R. Bankr. P. 3015-1(d). With respect to property surrendered, no distribution on the creditor's claim shall be made unless that creditor files a proof of claim or an amended proof of claim to take into account the surrender of the property.

## Part 8 Class Four – Allowed Unsecured Claims Not Otherwise Referred To in the Plan

8.1  **Payment of Class Four Claims:** Class Four Claims are provided for in an amount not less than the greater of:
A. The amount necessary to meet the best interests of creditors pursuant to 11 U.S.C. § 1325(a)(4) as set forth in Part 3.2; or
B. Total disposable income for the applicable commitment period defined by 11 U.S.C. § 1325(b)(1)-(4).

8.2  **Disposable Income:** The monthly disposable income of $_____ **[amount]** has been calculated on Form 122C-1 or 122C-2, as applicable. Total disposable income is $_____ **[amount],** which is the product of monthly disposable income of $_____ **[amount]** times the applicable commitment period of _____ **[time period]**.

8.3  **Classification of Claims:**
A. X Class Four claims are of one class and shall be paid a pro rata portion of all funds remaining after payment by the trustee of all prior classes;

OR

B. ☐ Class Four claims are divided into more than one class as follows:
_____
**[describe]**.

8.4  **Non-Dischargeable Claims:** A timely filed claim, found by the Court to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2), (4), or (6), will share pro-rata in the distribution to Class Four. Collection of the balance is stayed until the case is dismissed, converted to a Chapter 7 or discharge enters, unless ordered otherwise.

## Part 9 Class Five – Post-Petition Claims Allowed Under 11 U.S.C. § 1305 (if none indicate)

Post-petition claims allowed under 11 U.S.C. § 1305 shall be paid as follows:
_____ **[describe]**.

OR

X None

## Part 10 Other Provisions

10.1  **Direct Payments:** Payment will be made directly to the creditor by the debtor on the following claims:

| Creditor | Collateral, if any | Monthly payment amount | No. of months to payoff |
|---|---|---|---|
| M&T Bank | 2020 Ford E450 RV | $622 | 60+ |
| Freedom Financial | 2024 KTM SFX 450 | $327 | 60+ |
| American Financial | Sewing machine | $1,100 | 60+ |

**10.2** **Effective Date of Plan:** The effective date of this Plan shall be the date of entry of the Order of Confirmation.

**10.3** **Order of Distribution:**

   A. X The amounts to be paid to the Class One creditors shall be paid in full, except that the chapter 13 trustee's fee shall be paid up to, but not more than, the amount accrued on actual payments made to date. After payment of the Class One creditors, the amounts to be paid to cure the defaults of the Class Two A, Class Two B and Class Two C creditors shall be paid in full before distributions to creditors in Classes Three, Four, and Five (strike any portion of this sentence which is not applicable). The amounts to be paid to the Class Three creditors shall be paid in full before distributions to creditors in Classes Four and Five. Distributions under the plan to unsecured creditors will only be made to creditors whose claims are allowed and are timely filed pursuant to Fed. R. Bankr. P. 3002 and 3004 and after payments are made to Classes One, Two A, Two B, Two C and Three above in the manner specified in Parts 5, 6, 7, and 8.1.

   B. ☐ Distributions to classes of creditors shall be in accordance with the order set forth above, except: _____
   **[exceptions]**.

**10.4** **Motions to Avoid Liens under 11 U.S.C. § 522(f):** In accordance with Fed. R. Bankr. P. 4003(d), the debtor intends to file or has filed, by separate motion served in accordance with Fed. R. Bankr. P. 7004, a motion to avoid lien pursuant to 11 U.S.C. § 522(f) as to the secured creditors listed in Part 1.4 and below:

| Creditor | Description of collateral (pursuant to L.B.R 4003-2) | Date motion to avoid lien filed | Date of order granting motion or pending |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

**10.5** **Student Loans**:

   X No student loans

**10.6** **Restitution**:

   X No restitution

**10.7** **Reinvestment of Property in debtor:** All property of the estate shall vest in the debtor at the time of confirmation of this Plan.

**10.8** **Insurance:** Insurance in an amount to protect liens of creditors holding secured claims is currently in effect and will be obtained and kept in force through the period of the Plan.

| Creditor to whom this Applies | Collateral covered | Coverage amount | Insurance company, policy number, and agent name, address and telephone number |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

Applicable policies will be endorsed to provide a clause making the applicable creditor a loss payee of the policy.

### Part 11  Presumptively Reasonable Fee

The following election is made:

X Counsel elects to file the Long Form Fee Application pursuant to L.B.R. 2016-3(b).

### Part 12  Nonstandard Plan Provisions

Under Bankruptcy Rule 3015.1(e), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

X None

### Part 13 Signature of Debtor's Attorney or Debtor (if unrepresented)

I certify that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Official Form 3015-1.1, and that the plan contains no nonstandard provisions other than those set out in Part 12.

Dated: 05-29-2025　　　　　　　　　　　　　　　　By: */s/ Matt McCune*

　　　　　　　　　　　　　　　　　　　　　　　　Matt McCune, Attorney for Debtor(s)
　　　　　　　　　　　　　　　　　　　　　　　　Bar Number : 34195
　　　　　　　　　　　　　　　　　　　　　　　　2101 Pearl St.
　　　　　　　　　　　　　　　　　　　　　　　　Boulder, CO 80302
　　　　　　　　　　　　　　　　　　　　　　　　303-759-0728
　　　　　　　　　　　　　　　　　　　　　　　　matt@mccunelegal.com

### Part 14 Verification of Debtor

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 05-29-2025　　　　　　　　　　　　　　　　By: */s/ Matthew R Whetten*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Signature of debtor